IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALEX DAVIS, | : | |
|     Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| ROBERT PRYAL, et al., | : | No. 04-2859 |
|     Defendants. | : | |

**MEMORANDUM & ORDER**

Schiller, J.                                                                                                    December 15, 2006

    Plaintiff Alex Davis, an inmate at SCI-Graterford, brings this action against various prison officials alleging violations of his First and Fourteenth Amendment rights. Defendants' motion for summary judgment is presently before the Court. For the following reasons, Defendants' motion is granted in part and denied in part.

**I.    BACKGROUND**

    In early 2002, while Plaintiff was incarcerated at SCI-Graterford, Defendant Paula Pryal was assigned as his counselor. (Defs.' Exs. in Supp. of Mot. for Summ. J. [hereinafter Defs.' Exs.] Ex. 1 [hereinafter Davis Dep.] at 16.) In the summer of 2002, Plaintiff and Paula Pryal began discussing Plaintiff's interest in art. (*Id.* at 8-11.) At Paula Pryal's request, Plaintiff agreed to paint a picture of her dog. (*Id.* at 12-13.) Although the parties dispute whether Paula Pryal expected to receive the painting as a gift or whether she intended to pay Plaintiff, she eventually paid Plaintiff fifty dollars for the painting.[1] (*Id.* at 17; Pl.'s App. Ex. 2 [hereinafter Paula Pryal Dep.] at 40, 58.)

---

[1] Robert Pryal sent a money order to Plaintiff but made it seem as if the money order was coming from Plaintiff's step-mother rather than the Pryals. (Davis Dep. at 19; Pl.'s App. to Pl.'s Resp. to Defs.' Mot. for Summ. J. [hereinafter Pl.'s App.] Ex. 3 [hereinafter Robert Pryal Dep.] at 75.)

In December 2002, Plaintiff was called into Defendant Lieutenant Croll's office. (Davis Dep. at 20; Pl.'s App. Ex. 4 [hereinafter Croll Dep.] at 7.) Defendant Robert Pryal, husband of Paula Pryal and also a hearing examiner at SCI-Graterford, was present at the meeting as well. (Davis Dep. at 21; Robert Pryal Dep. at 105-106.) At the meeting, Robert Pryal said that he believed that Plaintiff had swindled his wife, and he threatened Plaintiff not to speak about the painting or he would hinder Plaintiff's attempts at obtaining parole. (Davis Dep. at 21.) Lt. Croll added that if he caught Plaintiff talking to his wife, who also worked at the prison, or if Plaintiff spoke about the meeting, he would make Plaintiff's life difficult at SCI-Graterford or any other institution at which Plaintiff might later be incarcerated. (*Id.* at 21-22.) After the meeting, Robert Pryal put a memo in Plaintiff's file stating that he would not be involved in any of Plaintiff's parole decisions, but according to Plaintiff, he implied to certain individuals with influence over Plaintiff's parole recommendations that Plaintiff had acted inappropriately toward his wife. (Robert Pryal Dep. at 111, 192-94.) In addition, Paula Pryal ceased to act as Plaintiff's counselor and did not recommend him for parole. (Paula Pryal Dep. at 115, 118, 127.)

On June 13, 2003, Plaintiff's unit management team voted unanimously against granting him a favorable recommendation for parole. (Defs.' Exs. Ex. 2 (Williams Dep.) at 67.) Ten days later, Defendant Superintendent DiGuglielmo declined to recommend Plaintiff for parole, and Plaintiff sent a letter to the Pennsylvania Department of Corrections, Office of Professional Responsibility explaining the incident between Plaintiff, Robert Pryal, and Lt. Croll. (Pl.'s App. Ex. 7 (Letter to Office of Professional Responsibility).) Having received no response, Plaintiff sent another letter to the Department of Corrections complaining about the same incident. (Davis Dep. at 27.) On September 16, 2003, the Board of Probation and Parole denied Plaintiff's parole. (Pl.'s App. Ex.

13.)

Based on the events described above, Plaintiff filed the instant civil rights action against Defendants Jeffery Beard, Secretary of the Department of Corrections, Catherine McVey, Chairman of the Pennsylvania Board of Probation and Parole, Benjamin Martinez, former Chairman of the Pennsylvania Board of Probation and Parole, Superintendent David DiGuglielmo, Counselor Paula Pryal, Unit Manager Bessie Williams, Hearing Examiner Robert Pryal, Lt. Charles Croll, Psychologist Margaret Helm, and Captain Thomas Dohman.

## II.     STANDARD OF REVIEW

Summary judgment is appropriate when the admissible evidence fails to demonstrate a dispute of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). When the moving party does not bear the burden of persuasion at trial, the moving party may meet its burden on summary judgment by showing that the nonmoving party's evidence is insufficient to carry its burden of persuasion at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Thereafter, the nonmoving party demonstrates a genuine issue of material fact if sufficient evidence is provided to allow a reasonable jury to find for him at trial. *Anderson*, 477 U.S. at 258-59. In reviewing the record, "a court must view the facts in the light most favorable to the nonmoving party and draw all inferences in that party's favor." *Armbruster v. Unisys Corp.*, 32 F.3d 768, 777 (3d Cir. 1994). Furthermore, a court may not make credibility determinations or weigh the evidence in making its determination. *See Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150 (2000); *see also Goodman v. Pa. Tpk. Comm'n*, 293 F.3d 655, 665 (3d Cir. 2002).

### III.   DISCUSSION

    A.   **Plaintiff's Substantive Due Process Claim (Count Four)**

The Fourteenth Amendment to the Constitution provides that no person shall be deprived of "life, liberty, or property, without due process of law . . . ." U.S. CONST. AMEND. XIV. To establish a substantive due process claim, a plaintiff must first show that a protected life, liberty, or property interest is involved. *See Daniels v. Williams*, 474 U.S. 327, 331 (1986). Although a prisoner has no liberty interest in parole, there is a liberty interest "in not being denied parole for arbitrary or constitutionally impermissible reasons." *Block v. Potter*, 631 F.2d 233, 236 (3d Cir. 1980). Thus, where a prisoner challenges the final decision of a parole board on the ground that it was based on impermissible factors, a substantive due process claim may exist. *Burkett v. Love*, 89 F.3d 135, 139-40 (3d Cir. 1996); *Carter v. Kane*, 938 F. Supp. 282, 284-85 (E.D. Pa. 1996).

Here, however, Plaintiff asserts that the actions of Paula and Robert Pryal, rather than the final parole decision, constituted a substantive due process violation. Although it is impermissible to base parole decisions on a desire to retaliate against a prisoner for constitutionally protected conduct, Plaintiff's attempt to restyle the Pryals' retaliatory actions into a substantive due process violation is ultimately unavailing. In the parole context, substantive due process guarantees the right to a final decision supportable by reliance on permissible factors. *See Block*, 631 F.2d at 236. Plaintiff's claims against the Pryals do not sound in substantive due process because the Pryals did not make the decision to deny him parole; indeed, they lacked the power to do so. Their actions are properly addressed as potential First Amendment violations, as articulated in Plaintiff's allegations of unlawful retaliation and unlawful threats to chill his First Amendment rights. (Pl.'s Third Am.

4

Compl. ¶¶ 50-67.)

Plaintiff does not assert that the parole decision itself amounted to a violation of substantive due process, and because no liberty or property interest was affected by the Pryals' conduct, Plaintiff's substantive due process claim fails. *See Dunston v. Chesney*, Civ. A. No. 04-1873, 2004 WL 2203725, at *10 (Sept. 29, 2004) (rejecting substantive due process challenge where plaintiff failed to establish that Parole Board wrongfully retaliated).

Moreover, even if Plaintiff had asserted that the Parole Board's decision violated his due process rights, summary judgment would still be appropriate because Plaintiff has not established that there were *no* legitimate reasons for the Parole Board's decision. *See Coady v. Vaughn*, 251 F.3d 480, 487 (3d Cir. 2001) ("[R]equirements of substantive due process are met if there is some basis for the challenged decision[.]"). Assuming, *arguendo*, that some of the information presented to the Parole Board was tainted by the actions of the Pryals, there is no evidence that the Parole Board relied exclusively on this evidence. Indeed, the denial includes a list of seven factors supporting the decision not to recommend parole. (Pl.'s App. Ex. 13 (Notice of Parole Board Decision).)

Accordingly, the Court grants Defendants' motion for summary judgment with respect to Plaintiff's substantive due process claim.

### B.    Plaintiff's Remaining Claims

The Court finds that genuine issues of material fact exist that preclude summary judgment on Plaintiff's remaining First Amendment and conspiracy claims. *See* FED. R. CIV. P. 56(c). The Court also rejects Defendants' qualified immunity defense. The First Amendment rights at issue were clearly established at the time the events transpired, and the facts, taken in the light most

favorable to Plaintiff, support a finding of a constitutional violation. *See Saucier v. Katz*, 533 U.S. 194 (2001); *Bennett v. Murphy*, 274 F.3d 133, 136 (3d Cir. 2002) (describing two step process for evaluating qualified immunity which requires first that the facts, taken in the light most favorable to the plaintiff, establish a constitutional violation and second that the constitutional right at issue was clearly established at the time of the deprivation).

The Court grants summary judgment on all claims for individual Defendants Bessie Williams, Margaret Helm, Benjamin Martinez, and Catherine McVey because Plaintiff fails to set forth evidence sufficient for the trier of fact to find that these Defendants violated Plaintiff's rights. *See Celotex Corp.*, 477 U.S. at 323-24. "A[n individual government] defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*. Personal involvement can be shown through allegations of personal direction or of actual knowledge or acquiescence." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted). There is insufficient evidence that Williams or Helm made any decisions or recommendations in retaliation against Plaintiff or to prevent Plaintiff from exercising his constitutional rights. Likewise, although Plaintiff provides evidence that certain supervisors had actual knowledge of the Pryals allegedly unconstitutional conduct and failed to take responsive action, such evidence is not proffered with respect to Defendants Martinez and McVey.[2]

Accordingly, summary judgment is granted in favor of these individual Defendants but denied with respect to the remaining Defendants on Plaintiff's First Amendment and conspiracy

---

[2] Plaintiff asserts that he sued McVey because the Pennsylvania Board of Probation and Parole has refused to correct an "error" in Plaintiff's file by not removing Paula Pryal's negative parole recommendation. (Pl.'s Resp. to Defs.' Mot. for Summ. J. at 16 n.4). Because Plaintiff has been awarded parole, this objection is moot. Regardless, McVey's presence in this action is not required for Plaintiff to be granted the injunctive relief he seeks.

claims.

## IV.    CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment is granted in part and denied in part.  Defendants' motion is granted with respect to Count Four and Defendants Williams, Helm, Martinez, and McVey.  Summary judgment is denied as to the remaining claims and Defendants.  An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALEX DAVIS, | : | |
|     Plaintiff, | : | CIVIL ACTION |
| v. | : | |
| | : | |
| ROBERT PRYAL, et al., | : | No. 04-2859 |
|     Defendants. | : | |

## ORDER

**AND NOW**, this **15th** day of **December**, **2006**, upon consideration of Defendants' Motion for Summary Judgment, Plaintiff's response thereto, and for the foregoing reasons, it is hereby **ORDERED** that Defendants' motion (Document No. 60) is **GRANTED in part** and **DENIED in part** as follows:

1. Summary judgment is **GRANTED** as to the Defendants Bessie Williams, Margaret Helm, Benjamin Martinez, and Catherine McVey.  All claims against these Defendants are **DISMISSED**.

2. Summary judgment is **GRANTED** with respect to Count Four (Substantive Due Process).

3. In all other respects, Defendants' motion for summary judgment is **DENIED**.

BY THE COURT:

_____
**Berle M. Schiller, J.**